IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ULTRA VIOX,
A Nevada Limited Liability Company,

      Plaintiff,

vs.                                            No. 09-00067 JEC/RHS

MICHAEL FRAIM,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendant's Motion to File Amended Answer and Amended Counterclaim, filed July 22, 2009 (Doc. 24)("Motion"). In his Motion, Defendant seeks to amend his Answer and Counterclaim under Fed.R.Civ.P. 15 to (1) add a party and (2) add counter-claims for malicious abuse of process and prima facie tort.

Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of court or by written consent of the adverse party." The Rule also states that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) seeks generally to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962), the Supreme Court held that:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

>opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

*Id.* at 182 (quoting Fed. R. Civ. P. 15(a)); *see also Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Frank v. U.S. West*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Here, Plaintiff opposes Defendant's Motion, offering a short statement that might reasonably be construed as asserting futility. Yet the Court lacks sufficient legal or factual support upon which it might actually find a futility exception and will, instead, grant Defendant's Motion as consistent with the overall spirit of Rule 15(a).

WHEREFORE,

**IT IS ORDERED** that Defendant's Motion to File Amended Answer and Amended Counterclaim, filed July 22, 2009 (Doc. 24) is GRANTED.

Dated August 17, 2009.

s/John Edwards Conway

_____
SENIOR UNITED STATES DISTRICT JUDGE